UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHIHSIANG LIAO,
  a/k/a Shih-Siang Shawn Liao

                             **Petitioner,**

    v.                                            9:13-CV-0588
                                                          (MAD/RFT)

ANDREW M. CUOMO, et. al.,

                             **Respondents.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**SHIHSIANG LIAO**
**10-R-0674**
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669
Petitioner *pro se*

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

      Petitioner Shihsiang Liao, also knows as Shih-Siang Shawn Liao, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a memorandum of law and several exhibits. *See* Dkt. No. 1, Petition; Dkt. No. 1-1, Memorandum of Law; Dkt. No. 1-2, Exhibits. Petitioner is confined at the Riverview Correctional Facility and has paid the required filing fee.

**I.    THE PETITION**

      Petitioner states that he has filed his petition to challenge "the lawfulness of an interstate extradition demand and proceeding," and that he is "seeking the right to be protected against

anticipated deprivation of [a] state-created liberty interest and lack of access to courts in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *See* Dkt. No. 1 at 1.  Petitioner explains that on April 12, 2013, he appeared in St. Lawrence County Court and was informed that the state of Ohio made a demand for "temporary custody" of him "under the Interstate Agreement on Detainers Act," and he was informed of his right to a hearing. *See id.* at 2.  A hearing was held on April 30, 2013, at which Petitioner claims he informed the state court of his intent to file a federal habeas petition. *See id.* at 3.  According to Petitioner, the hearing was adjourned until May 17, 2013, "pending [his] filing of the habeas corpus petition" and the district attorney's re-submission of certain extradition documents. *See id.*

Petitioner raises the following grounds for relief: he is not the individual Ohio officials seek (Ground One); he was not in Ohio when the offense was committed there (Ground Two); he is expecting a "de novo merit parole hearing in the next few months" on his New York sentence, and extradition to Ohio would "deprive him" of that hearing (Grounds Three-Four); he must have access to the law library to prepare for his parole hearing, and if he is extradited, his access to New York law will be restricted (Grounds Five-Six); his legal papers were confiscated, preventing him from "the ability to vacate [a] default judgment of divorce," and resulting in disciplinary proceedings in which he was placed in "solitary confinement;" (Ground Seven); and, due to confiscation of his legal papers, he has not been able to challenge "a default judgment of divorce" in order to seek "equitable distribution of marital property" (Ground Eight). *See* Dkt. No. 1 at 3-8.

Petitioner seeks a "declaratory judgment stating that the acts and omissions described" in his petition violate his rights under the "Constitution and laws of the United States." *See id.* at 8.  He also asks that the Court issue a preliminary injunction ordering a stay of the extradition hearing "pending

(1) the outcome of [his] de novo parole hearing(s), and (2) submission of evidence or a proposal that the State of New York has the ability and intention to fulfill obligations of facilitating access to courts and to law books of New York for its prisoners who may be under temporary custody of the state of Ohio." *See id.* at 8. Finally, Petitioner seeks an injunction "ordering the discharge of the governor's rendition warrant." *See id.*

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2241 (c)(3), a district court has the power to issue a writ of habeas corpus for a prisoner who is in custody "in violation of the Constitution or laws or treaties of the United States. . . ."   Section 2241 may be used by prisoners to challenge extradition from one state to another. *See Edwards v. Bowles*, No. 3:03-CV-2624, 2004 WL 308036, *1, *6 (N.D. Tex. Feb. 18, 2004), *adopted* 2004 WL 741290 (N.D. Tex. Mar. 16, 2004); *see also Stewart v. People of the State of New York*, No. 9:08-CV-1127 (TJM/GJD), Dkt. No. 3, Decision and Order, at 3-4 (N.D.N.Y. Nov. 7, 2008) (citations omitted). Although petitions filed under 28 U.S.C. § 2241(c)(3) are not subject to a statutory requirement of exhaustion of remedies, federal courts may require, as a matter of comity, that petitioners seeking relief pursuant to section 2241 exhaust all avenues of state relief before seeking a federal writ. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973) (challenging pre-trial detention); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (same); *Whelan v. Noelle*, 966 F. Supp. 992, 997-98 (D. Or. 1997) (challenging extradition); *Stewart*, No. 9:08-CV-1127, Dkt. No. 3 at 3-4 (challenging extradition).   To exhaust state remedies, a petitioner must "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

Extradition in New York is governed by the Uniform Criminal Extradition Act (UCEA). SEE N.Y. CRIM. PROC. §§ 570.02 *et seq*. The UCEA contains a provision allowing individuals to challenge the legality of extradition proceedings brought against them by means of a New York State habeas corpus petition, filed pursuant to Article 70 of the Civil Practice Law and Rules. *See id.* at § 570.24; *see also* Practice Commentaries, Preiser, P.

It is clear that Petitioner has not properly exhausted his extradition claims (Grounds One through Six) in the state courts. He states that on April 12, 2013, he appeared in St. Lawrence County Court and was informed that the state of Ohio was seeking his extradition, and a hearing was held on April 30, 2013, but was adjourned until May 17, 2013. *See* Dkt. No. 1 at 2-3. This petition is dated May 12, 2013, and postmarked May 20, 2013, and there is no indication in the petition that a hearing took place on May 17, 2013, or that Petitioner has properly exhausted his claims by challenging his extradition in the New York courts in accordance with CPL § 570.24. *See* Dkt. No. 1 at 3 (alleging that "[n]o timely and potentially effective administrative remedy exists"); *People ex rel. Blake v. Pataki*, 99 A.D.3d 956 (2d Dept. 2012) (indicating that the petitioner sought a New York State writ of habeas corpus to vacate an extradition warrant to South Carolina), *lv. dismissed* 20 N.Y.3d 994 (2013); *People ex. rel. Focarile ex. rel. McNeil v. Goord*, 12 Misc. 3d 981 (N.Y. Sup. Co. 2006) (indicating that the inmate challenged extradition to Virginia in state habeas corpus petition). Instead, it appears that Petitioner mistakenly filed this federal habeas petition rather than pursuing a state habeas petition in accordance with section 570.24 and Article 70. This petition, therefore, appears to be premature. *See, e.g.*, *Strickland v. Wilson*, 399 Fed. Appx. 391, 396 (10th Cir. 2010) ("Strickland's Wyoming state court challenge to the extradition proceedings was pending at the time he filed the instant federal

habeas petition. Thus, Strickland had not exhausted his state court remedies at the time he filed the instant petition."); *Brown v. Barry*, No. 1:12-CV-1159, 2012 WL 1476081, *1 (D. Md. Apr. 26, 2012) ("To the extent that Petitioner may be complaining about his March 20, 2012 extradition arrest warrant, there is no record that Brown has exhausted his grounds before the Maryland courts. Any 28 U.S.C. § 2241 challenge to extradition proceedings is subject to exhaustion requirements"); *Stewart*, No. 9:08-CV-1127, Dkt. No. 3 at 5-7 (explaining that the petitioner's challenge to extradition to Pennsylvania was unexhausted, and dismissing the petition without prejudice to the petitioner filing an amended petition stating the reasons he should be excused from the exhaustion requirement, or to filing an amended petition after his state court remedies were exhausted); *Martin v. Warden, VCBC*, No. 1:01-CV-0677, 2001 WL 170794, *1 (S.D.N.Y. Feb. 22, 2001) ("The Court has serious concerns whether it has jurisdiction of the Petition. In each of the Petition's eight causes of action, Petitioner has failed to demonstrate that he has presented the allegations concerning extradition proceedings to all appropriate state court levels of review").

Therefore, based upon Petitioner's papers, his extradition claims appear to be unexhausted, and dismissal of the petition without prejudice to re-filing it once the claims are fully exhausted in state court is appropriate. In light of Petitioner's *pro se* status, however, he will be given an opportunity to file an amended petition in which he addresses the exhaustion issue.

Finally, this Court lacks habeas jurisdiction to review Petitioner's apparent challenges to what he characterizes as excessive "solitary confinement" imposed as a result of disciplinary proceedings (Ground Seven), and his alleged inability to challenge his final divorce decree (Ground Eight). *See Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006) (holding that challenges to conditions of confinement that do not affect the duration of confinement, including disciplinary confinement, are

properly brought pursuant to 42 U.S.C. § 1983); *see also Williams v. Menifee*, No. 1:05-CV-4045, 2006 WL 2481823, *3 n.1 (S.D.N.Y. Aug. 25, 2006) (same), *aff'd* No. 07-1439-pr, 331 F. App'x. 59 (2d Cir. Jun. 3, 2009); *Holiday v. Holiday*, No. 3:07-CV-0155, 2007 WL 1319115, *1 (E.D. Tenn. May 3, 2007) (holding that the habeas court lacked subject matter jurisdiction over a challenge to divorce proceedings because petitioner was not "in custody" pursuant to the divorce decree).[1]  Grounds Seven and Eight are therefore dismissed and will not be considered as part of any amended petition filed by Petitioner pursuant to this Decision and Order.

### III.   CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that Grounds Seven and Eight of the petition, Dkt. No. 1, are **DISMISSED**; and the Court further

**ORDERS** that Petitioner may file an amended petition within **thirty (30) days** of the filing date of this Decision and Order in which he sets forth the date(s) on which he properly filed any state court challenges to extradition, including the name and location of the court in which he filed each application and the date on which the court(s) denied each application.  If Petitioner has not filed any state court applications raising his extradition claims, he must explain the reasons why he should be excused from the exhaustion requirement.  Petitioner must also clearly state all of the grounds upon which he bases his petition, and the facts supporting each ground.  Petitioner shall not incorporate any portion of any prior petition into his amended petition by reference.  Instead, he must include all

---

[1] It is worth noting Petitioner states that at "the present time, the unlawful confiscation of [his] legal papers and materials, and his wrongful excessive confinement in solitary confinement are the subject of a civil action in the New York State Court of Claims."  *See* Dkt. No. 1 at 7.

relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and the Court further

**ORDERS** that if Petitioner does not file an amended petition within **thirty (30) days** of the filing date of this Decision and Order, this action will be dismissed without prejudice for failure to exhaust state court remedies without further order of this Court; and the Court further

**ORDERS** that, upon the filing of any amended petition, the Clerk of the Court shall forward the file in this matter to the Court for further review; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: June 13, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge